CASE 62—ACTION BY J. D. M. RUSSELL AND OTHERS AGAINST C. A. TAYLOR AND OTHERS INVOLVING THE VALIDITY OF A CITY SCHOOL TAX.—FEB. 5.

## Taylor, &c. v. Russell, &c.

APPEAL FROM MADISON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL.    AFFIRMED.

COMMON SCHOOLS—ADOPTION OF GRADED SYSTEM—CITIES—REPEALS— EXEMPTIONS.

Held:    1. Kentucky Statutes, 1903, c. 113, art. 10, being part of the general law on the subject of common schools, placing it in the power of the people to control the question of the adoption of the graded school system, and providing that "any city of the first, second, third or fourth class may adopt the provision of this law," does not repeal Laws 1891-92-93, p. 1211, c. 241, re-

Taylor, &c. v. Russell, &c.

lating to cities of the fourth class, and permitting them to adopt the graded common system.

2. Under Kentucky Statutes, 1903, section 4489, being part of the general law on the subject of common schools, placing it in the power of the people to control the question of the adoption of the graded common school system, and providing that the article shall not affect or in any way interfere with any system of graded common schools established by any city of the fourth class, a city of that class which has established the system and has it in use is exempt therefrom.

HENRY C. HAZLEWOOD AND R. W. MILLER, FOR APPELLANTS.

### QUESTIONS DISCUSSED AND AUTHORITIES.

1. The act of June 28, 1893, is subject to the legislative will, because it is only the charter of a municipal corporation created for governmental purposes and granted as part of the machinery of the State government. Cooley on Constitutional Limitation, 228 (6th ed.); Payne v. Treadwell, 18 Cal., 221; Groff v. Frederick City, 44 Md., 67; State Bank v. Madison, 3 Ind., 43.

2. The citizens of Richmond have no vested right in the organization and maintenance of the schools under the act of June 28, 1893, as against a general act. Cooley Constitutional Limitation, 471; Dillon Municipal Corporations, vol. 1, sec. 54 (6th ed.); People v. Morris, 13 Wend, N. Y., 325.

3. It was proper for the Legislature to submit the adoption of the act of July 6, 1893, to a vote of the people to be affected thereby. Clark v. Rogers, 81 Ky., 43; Bull v. Read, 13 Gratt, 78; State v. Scott, 17 Mo., 521; Gorham v. Springfield, 21 Me., 58; State v. Wilcox, 45 Mo., 458; Werner v. Galveston, 7 S. W. R., 726.

4. The first sentence of section 4489, Kentucky Statutes, does not prohibit the organization of free white common graded schools in the cities of the fourth class, where the public schools are not organized under and by virtue of a general act in effect when the present Constitution was adopted. Roberts v. Clay City, 42 S. W., 909; Hickman College v. Trustee Colored Common School, 65 S. W., 20; L. & N. R. R. v. Trustee of Elizabethtown District School, 64 S. W., 974; Board of Hawesville v. L. H. & St. L. Ry., 62 S. W., 1025; Bailey v. Figely, 21 Ky. Law Rep., 341.

5. Rules of statutory construction applicable to the act of July 6, 1893. Bailey v. Commonwealth, 11 Bush, 691; U. S. v. Bobbitt, 1 Black U. S., 55; State v. Babcock, 21 Neb., 599;

Riggs v. Pfister, 21 Ala., 469; State v. Bishop, 41 Mo., 16; Smith v. People, 47 N. Y., 330; Bishop's Written Law, secs. 4, 5; Act of December 15, 1892; Commonwealth v. Trent, *et al.*, 77 S. W., 390.

6. The constitutional intention and the legislative policy in this State is to have the common school system controlled by general law, applicable alike to the whole State. Present Constitution, sec. 59, subsec. 5; Auditor v. Holland, 14 Bush, 152; Hallert v. Speak, 9 Bush, 259.

R. H. CROOKE, AND JACKSON & ROBERTS, FOR APPELLEES.

#### CLASSIFICATION AND AUTHORITIES.

1. The sytem of public schools for cities of the fourth class established by ordinance of the city council pursuant to chapter 89, subdivision 11, sections 3588-3606, inclusive, of Kentucky Statutes, in charter for cities of fourth class, can not be abolished, set aside or superseded by a vote of the white voters to establish a system of graded common schools contemplated by chapter 113, article 10, section 4489. Kentucky Statutes, secs. 3588-3606 inclusive, secs. 4467, 4488, 4489.

2. When possible, statutes should be construed to harmonize with each other, rather than to conflict, or for one to repeal the other. Broaddus' Devisees v. Broaddus' Heirs, 10 Bush, 308; Taylor v. Shields, 5 Littell, 297; Adams v. Ashby, 2 Bibb, 97; Peyton v. Mosely, 3 Mon., 80; Wallace v. Young, 5 Mon., 157; Brown v. Miller, 4 J. J. M., 474; City of Henderson v. Lambert, 8 Bush, 609; Courtney v. Louisville, 12 Bush, 442.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

The city of Richmond, in Madison county, is a city of the fourth class under the statutory classification in this State. In 1894, by ordinance duly passed, its council adopted the graded school system provided for in chapter 89, Ky. St., 1903 (the statute governing cities of the fourth class), being sections 3588 to 3605, inclusive. Section 3606 was added in 1894. Up to that time, so far we are apprised by this record, that city had not adopted any free graded school system. A board of education, as authorized by section 3588, was regularly installed, who, as a body corporate, took

charge of all the common school interests and property in that
city.    Bonds were voted and issued to the amount of $23,000,
with which a building for the white school children was
built.    Other common school funds belonging to the district,
and derived from taxation, to the amount of $8,000, were used
in providing a building for the colored school children within
the city.    Both schools, under the statutes above named,
are under the control of the board of education of the city.
Besides the per capita derived from the State funds, the
city levies and collects, and turns over to the board of
education, a tax of not exceeding fifty cents on the one
hundred dollars on all taxable property within the city for
school purposes, which is apportioned among the schools as
the board deems necessary and just.      In 1902 certain
taxpayers within the city petitioned the city council, and it,
through the mayor, duly ordered an election to be held un-
der section 4489, Ky. St., 1903, to determine whether the
white citizens and taxpayers would vote an annual tax of
fifty cents on the one hundred dollars of taxable property
of white persons and corporations in the district to maintain
a graded common school in the city for white children.    The
proposition received a majority of the votes cast, and was
duly certified.   This suit involves the validity of the last
named vote.

Other than the State A. & M. College, the Colored Normal
School, the school for Deaf and Dumb Mutes, and similar
institutions, the public school system of this State is divided
into two classes:   First, that of the common school district,
which, unless the other class is installed, prevails in every
part of the commonwealth; second, graded common schools.
By section 4464, Ky. St., 1903, any rural district, or any city
or town of the fifth of sixth class, may adopt the system
of graded common schools by a vote of the citizens affected.

They are not at all required to do so. It is at their option. There is no other provision by general law for graded common schools in towns of the fifth and sixth classes. Nor is there any other provision by general law for rural districts to be provided with graded common schools. But cities of the first, second, third, and fourth classes are each provided with a system of education by which they may adopt the higher or graded common school system. As to cities of the fourth class, the sections of the statute providing the system are cited above. It is not mandatory that cities of the fourth class should adopt this system. They are merely permitted to do so. Unless they adopted in some manner a system of graded common schools, there would be provided by law only the common district schools for such cities. If, however, they do adopt the graded common school system, that supersedes and absorbs the district common schools within that territory.

Section 4464, Ky. St., 1894, as was section 4489, was part of an act of the General Assembly approved July 6, 1893. Laws 1891-92-93, p. 1413, c. 260. The act for the government of cities of the fourth class was approved June 28, 1893. Laws 1891-92-93, p. 1211, c. 241. They were each passed by the same Legislature, and were being considered at the same time. The act of July 6, 1893, now incorporated as chapter 113, Ky. St., 1894, is the general law on the subject of common schools, passed at the first session of the Legislature after the adoption of the present Constitution. Section 4464, Ky. St., 1903, on and including section 4489, are part of article 10 of that chapter, which is devoted to "Graded Common Schools." Sections 4464 to 4488 provide a system of graded common schools not substantially different from sections 3588-3606 *supra*, except that it applies only to rural districts, and towns of fifth and sixth

classess, and does not allow as expensive buildings as are allowed fourth-class and larger towns. Section 4489 reads, in part: "The provisions of this article shall not affect, or in any way interfere with, any system of graded common schools established and maintained by any city of the first, second, third, or fourth class, by virtue of a general special act of the General Assembly." If this were all the section, doubtless there would be no dispute that it excluded the cities of the fourth class, or larger, where such cities had adopted a graded school system; but the section continues: "Any city of the first, second, third, or fourth class may accept the provisions of this law, and establish graded common schools, subject to all the provisions thereof, except as specially hereinafter provided in this section, by a majority vote, indorsed by the recorded action of the board of trustees, at an election held in the manner prescribed in section 4464." etc. The exceptions thereinafter specially provided, and alluded to in the above quotation, have reference to the manner of holding the election, etc., not involved in, nor shedding any light on, the point under consideration.

It is thought, and appellants have proceeded upon that idea, that this section—the part last quoted—gave to any city in the commonwealth the right to adopt the graded common school provisions of article 10, c. 113, Ky. St., 1903, by pursuing the method pointed out in section 4489 for ordering and conducting the election, which was done in this instance. It can scarcely be conceived that the Legislature, in enacting the two statutes here invoked by these respective litigants, meant that one should repeal the other by implication, and without any express allusion to it. Such construction is not to be favored, and will not be adopted when any other consistent construction will allow both to stand. The legislative purpose, if any doubt arises upon

the language employed in the acts, will be looked to, rather than the mere dates of enactments, as the guide in construction. The import of the acts in question, viewed in connection with the general state of the law, and the history of the legislation, and previous judicial utterances, if any, upon the subject, are all legitimate and helpful means of arriving at the legislative purpose in the enactment of statutes which may appear to be inconsistent in terms or means provided. The first part of section 4489 shows, undoubtedly, that the Legislature contemplated that by special acts heretofore passed (none such could be under the present Constitution), and by general laws, graded common schools could be, and doubtless had been, established in cities of the fourth class and those larger. In fact, the Legislature had expressly authorized such cities to adopt such system, formulated especially with reference to their wealth, population, and needs. But the respective statutes creating those city governments provided not means of compelling the city councils to adopt a graded school system. Therefore, as the law then stood, the city councils of cities of the fourth class, and larger, could refuse to adopt a graded common school system, leaving the people provided with only the lower order of district common schools. This the Legislature knew. It then set to work to provide a method by which the people in those cities could themselves control that question, as other sections of the State were allowed to do, by providing, in the latter part of section 4489 quoted, that the provisions of that chapter should be applicable to such of the larger cities as would adopt it. Read in connection with the first part of this section this meant such cities as had not already adopted the graded common school system. This compulsory acceptance of

this system by their cities could be by vote had upon the initiative of the people by petition. The strict construction contended for by appellants would lead the Legislature to say in that section, by the first part of it, that that law did not apply to fourth class and larger cities, and, by the last part of it, that it did. What the Legislature undoubtedly had in mind was to provide a method by which these cities and their inhabitants could avail themselves of the privileges of graded common schools. If they had already done so, then, by the first part of section 4489, the provisions of the chapter of which it was a part were "not to interfere." But if they had not adopted such system, they were given another way to do it, and to compel it. It is a matter of significant remark that the whole system and scheme of providing higher or graded schools does not once provide a way of doing away with one when once adopted. As the system was the same whether adopted under article 10 of chapter 113, or under chapter 89, sections 3588-3606, and as the tax imposed was the same, there was nothing to submit to the voters in this case. The city council had already done precisely what they proposed, and more too. There is no provision, as in the local option statutes, to resubmit that question when once adopted. The effect of the vote as contended for by appellants is merely for the white voters to "vote out" the colored graded common school already adopted by the legal authorities, and in the manner provided by law. That they had no right to do under the law as it now is, for the right has nowhere been given them by any statute.

The judgment of the circuit court declaring the vote and election void is affirmed.

Whole court sitting.